## ZUNKEL *v.* LITCHFIELD.

*(Circuit Court, S. D. Iowa.   1884.)*

REFERENCE OF A QUESTION OF VALIDITY OF EVIDENCE TO A MASTER FOR RE-
PORT.
    In the event of interrogatories being propounded calling for testimony so
    clearly and manifestly foreign to the controversy that they ought to be rejected
    at the very threshold of the case, the court will not hesitate to make a reference
    to the master, with instructions to report whether any interrogatories, to which
    specific objections are made, call for answers manifestly irrelevant to the con-
    troversy.

In Equity.

This cause is now before the court upon objections to certain cross-
interrogatories propounded to the defendant, Litchfield.   The motion
is "for an order of reference of the cross-interrogatories, and the ob-
jections thereto, to a master of the court, to examine them, and re-
port upon the sufficiency and validity of the complainant's objections
to the same."

*C. H. Gatch*, for the motion.

*Phillips & Day, contra.*

LOVE, J.   There is no doubt that a court of equity may, in its dis-
cretion, entertain such a motion.   There is just as little doubt that
the court ought to exercise its discretion to refer in such a case with
the greatest possible caution.   It is manifest, on the one hand, that
interrogatories may call for disclosures wholly immaterial to the con-
troversy, and even scandalous and impertinent.   A party may, under
pretext of making proof material to his cause, greatly abuse the
privilege of examining witnesses when not in the presence of the
court, and I must say that this privilege is greatly abused in the
practice of the bar.   Under the semblance and protection of a legal
examination a party may, when the court is not present, attempt to
give vent to his malicious feelings toward his adversary or his wit-
nesses.   It is manifest that he may thus attempt to expose his ad-
versary or his witnesses to public ignominy and disgrace without any
legitimate purpose whatever.   He may vex the party opposed to him
by attempting to bring into the cause matters wholly foreign to the
issue to be tried.   It would be most unreasonable to contend that
the court should in such extreme cases allow the examination to pro-
ceed, leaving the party to such remedy as he might have by motion
to suppress, after the intended mischief is inflicted.   There can be
no serious difficulty where the interrogatories involve matter of mere
scandal and impertinence wholly foreign to the controversy.   It is
well-settled practice to refer the pleadings to the master to purge
them of scandal and impertinence.   There is no doubt that inter-
rogatories may be referred for the same reason.   But where the al-
leged ground of reference is that the testimony sought to be elicited

by the interrogatories is wholly irrelevant to the issue, a serious difficulty arises. How can the court or master, without going into the whole case in advance of the hearing, determine whether the testimony sought is wholly irrelevant or not? A chancery case often presents difficult and complex questions and various issues. It frequently happens that one matter of evidence becomes necessary to rebut or explain some other matter of evidence coming incidentally into the inquiry. Counsel must necessarily, in filing interrogatories, anticipate testimony which his adversary's witnesses may give, and seek, by cross-interrogatories, to explain or rebut it. Hence the extreme—indeed, almost insuperable—difficulty of assuming to strike out interrogatories *in limine.* The safer course is to allow the interrogatory to be answered in any doubtful case, and determine the objections to it at the hearing, or in the progress of the cause, upon a motion to suppress. Nevertheless, it may occur that interrogatories may be propounded calling for testimony so clearly and manifestly foreign to the controversy that they ought to be rejected at the very threshold of the case. When such appears to be the case the court will not hesitate to make a reference to the master, with instructions to report whether any interrogatories to which specific objections are made call for answers manifestly irrelevant to the controversy. If any doubt exists as to the materiality of the testimony sought, the court will not interfere, but leave the party to his ordinary remedy by motion to suppress.

The defendant's motion is sustained, and the reference ordered, with the foregoing instructions. See *Cocker* v. *Franklin & Bagging Co.* 1 Story, Rep. 169.